UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
VANESSA JOY M.,

                     Plaintiff,        <u>DECISION AND ORDER</u>
                                     1:24-CV-07647-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In November of 2021, Plaintiff Vanessa Joy M.[1] applied for Disability Insurance Benefits under the Social Security Act. In March of 2022, Plaintiff applied for Supplemental Security Income benefits.  The Commissioner of Social Security denied the applications.  Plaintiff commenced this action *pro se* seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 25).

This case was referred to the undersigned on March 5, 2026. Presently pending is the Commissioner's request for judgment on the pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

For the following reasons, the Commissioner's request is due to be granted, and this case is dismissed.

## I.  BACKGROUND

### A.    *Administrative Proceedings*

Plaintiff applied for benefits on November 17, 2021, and March 3, 2022, respectively, alleging disability beginning March 28, 2020. (T at 19).[2] Plaintiff's applications were denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on June 26, 2023, before ALJ David Suna. (T at 35-65).  Plaintiff appeared with an attorney and testified. (T at 42-54). The ALJ also received testimony from Christine Spauling, a vocational expert. (T at 54-63).  A second hearing was held on December 11, 2023, before the same ALJ. (T at 66-91).  Plaintiff appeared with an attorney and testified. (T at 73-77).  The ALJ received testimony from Victor Alberigi, a vocational expert. (T at 77-89).  A third hearing was held on December 18, 2023. (T at 92-113).  Plaintiff appeared with an attorney. (T at 92).  Melissa Fass-Karlin, a vocational expert, testified. (T at 96-112).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 12.

*B.    ALJ's Decision*

On January 9, 2024, the ALJ issued a decision denying the applications for benefits. (T at 16-34).  The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2025 (the date last insured) and had not engaged in substantial gainful activity since March 28, 2020 (the alleged onset date). (T at 21).

The ALJ concluded that Plaintiff's diabetes mellitus, neuropathy, Anemia, hyperlipidemia, nephrolithiasis, chronic kidney disease, status post COVID infection, hypertension, tachycardia, and obesity were severe impairments as defined under the Act. (T at 22).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 22).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: no more than frequent handling and fingering; frequent operation of foot controls; occasional climbing of ramps and stairs; no climbing ladders, ropes or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; occasional exposure to atmospheric

conditions, as defined by the *Selected Characteristics of Occupations*; and must have easy access to a restroom. (T at 23).

The ALJ concluded that Plaintiff could perform her past relevant work as a composite telephone sales agent and reservation clerk. (T at 28).

In addition, and in the alternative, considering Plaintiff's age (60 on the alleged onset date), education (at least high school), work experience (typing and clerical skills acquired from past relevant work), and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform.  (T at 26-27).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between March 28, 2020 (the alleged onset date) and January 9, 2024 (the date of his decision). (T at 27-28).

On July 31, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 3-8).

C.    *Procedural History*

Plaintiff commenced this action, *pro se*, by filing a Complaint on October 4, 2024. (Docket No. 1).  On February 19, 2025, the Honorable Lorna G. Schofield, United States District Judge, issued an order directing

4

Plaintiff to show cause as why this case should not be dismissed for failure to prosecute. (Docket No. 18). Plaintiff failed to respond to the order and the case was dismissed on March 3, 2025. (Docket No. 9).

On March 5, 2025, Plaintiff filed a letter requesting an extension of time to file a brief in support of her request for review of the denial of benefits. (T at 20). Judge Schofield granted the request and re-opened the case on March 11, 2025. (Docket No. 21).

The Honorable Barbara C. Moses, United States Magistrate Judge, set a briefing schedule on May 12, 2025, with Plaintiff's brief due June 23, 2025. (Docket No. 29). Plaintiff did not file a brief and Judge Moses *sua sponte* extended the deadline to July 25, 2025. (Docket No. 30). Judge Moses directed the Commissioner to file a brief by August 29, 2025, irrespective of whether Plaintiff filed a brief. (Docket No. 30). On August 28, 2025, Judge Moses granted a request for an extension of time, setting Plaintiff's brief deadline as September 29, 2025, and the Commissioner's deadline as December 1, 2025. (Docket No. 32).

On September 23, 2025, Plaintiff filed a letter with an update regarding her health. (Docket No. 33). The case was stayed during October and November of 2025 due to a lapse in government funding. (Docket No. 34, 35).

The Commissioner filed a brief requesting judgment on the pleadings on January 13, 2026, and Plaintiff's deadline to respond to the brief was set at January 27, 2026. (Docket No. 36).

Plaintiff did not file a reply brief.  Judge Moses *sua sponte* extended Plaintiff's deadline to February 25, 2026. (Docket No. 37).  Plaintiff has not filed a reply brief as of the date of this decision and has been given ample opportunity to do so.

## II.  APPLICABLE LAW

### A.  *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*,

562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by

substantial evidence, the reviewing court is required to examine the entire

record, including contradictory evidence and evidence from which

conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145,

151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has

applied an improper legal standard," or when the ALJ's rationale is unclear,

remand "for further development of the evidence" or for an explanation of

the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir.

1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she

lacks the ability "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be

expected to result in death, or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...."  42 U.S.C. §

423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

8

determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

#### A.  *Pro Se Standard*

In the Second Circuit, "[w]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)(quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (alterations in original).  This applies to requests for review of the denial of Social Security benefits. *See Tipadis v. Comm'r of Soc. Sec.*, 284 F. Supp. 3d 517, 523 (S.D.N.Y. 2018).

#### B.  *Failure to Prosecute*

As noted above, Plaintiff has been afforded numerous opportunities to submit a brief in support of her request for review of the decision denying benefits, including re-opening of the case after dismissal and several *sua sponte* extensions of time.

Accordingly, dismissal of this case is warranted based on Plaintiff's failure to prosecute it and lack of response to Court Orders.  *See, e.g., Neal v. Comm'r of Soc. Sec.*, No. 18CV01936VECSN, 2019 WL 3402464, at *1

(S.D.N.Y. June 5, 2019), *report and recommendation adopted*, No. 18-CV-1936 (VEC), 2019 WL 2710127 (S.D.N.Y. June 28, 2019); *Reynel v. Barnhart*, No. 01 CIV. 6482 (RLE), 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002); *Bonnette v. Comm'r of Soc. Sec.*, No. 16-CV-6398 (ENV), 2018 WL 6173434, at *2 (E.D.N.Y. Nov. 26, 2018); *Abbas v. Tate*, No. 20CV3636JGKJLC, 2023 WL 324432, at *1 (S.D.N.Y. Jan. 19, 2023), *report and recommendation adopted*, No. 20-CV-3636 (JGK), 2023 WL 2632229 (S.D.N.Y. Mar. 23, 2023).

Out of an abundance of caution, and given Plaintiff's *pro se* status, the Court has reviewed the ALJ's decision and finds it is supported by substantial evidence for the reasons discussed below.

C.    Analysis

As noted above, the ALJ concluded that Plaintiff retained the RFC to perform a reduced range of light work. (T at 23).

The ALJ's determination was supported by medical opinion evidence. Dr. Alexander Hoffman performed a consultative examination in October of 2022.  He diagnosed insulin-dependent diabetes and hypertension (both not very well controlled), tachycardia, shortness of breath, and non-specific complaint of chest pain. (T at 1019).

Two non-examining State Agency review physicians, Dr. James Greco and Dr. Mohamed Abassi, opined that Plaintiff could perform light work, with frequent climbing of ramps and stairs; occasional climbing ladders, ropes, and scaffolds; and occasional crawling. (T at 119, 131-32).

"'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'" *Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)(quoting *Leach ex rel. Murray v. Barnhart*, No. 02 Civ.3561 RWS, 2004 WL 99935, at *9 (S.D.N.Y. Jan. 22, 2004)); *see also Ortiz v. Comm'r of Soc. Sec.*, 309 F. Supp. 3d 189, 205 (S.D.N.Y. 2018)("Moreover, the opinion of a non-examining medical expert … may be considered substantial evidence if consistent with the record as a whole.").

The ALJ found the State Agency opinions generally persuasive but incorporated additional limitations into the RFC to account for Plaintiff's peripheral neuropathy and ongoing post-COVID symptoms. (T at 26). *See Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.")(emphasis in original)(collecting cases);

11

*see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

The ALJ also relied on a reasonable reading of the record, which documented a history of uncontrolled diabetes and kidney stones, but generally contained unremarkable clinical examination findings. (T at 24-26, 863, 867, 937, 947, 953, 968, 973, 989, 1039, 1049-50, 1054).

The limitations incorporated into the RFC determination appropriately accounted for Plaintiff's subjective complaints of impairment with respect to squatting, bending, kneeling, lifting, climbing stairs, fingering, and handling. (T at 23-24, 52-53, 352-55).

While the record shows that Plaintiff suffers from some pain and limitation, the ALJ did not dismiss this evidence and, instead, found Plaintiff limited to a reduced range of light work. (T at 23).

However, "disability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ offered specific support for his decision to deny benefits, including a reasonable reading of the treatment notes and clinical assessments, an appropriate reconciliation of the medical opinion evidence, and proper consideration of Plaintiff's subjective complaints.

This is sufficient to sustain the disability determination under the deferential standard of review applicable here.  *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

Plaintiff's September 2025 letter describes deterioration in her health after the ALJ's decision and difficult circumstances that certainly inspire sympathy.  (Docket No. 33).  This is, however, not a basis for granting benefits. *See Vincent v. Shalala*, 830 F. Supp. 126, 129 (N.D.N.Y. 1993)(recognizing that "the temptation to blur the distinction between individual need and statutory eligibility is strong; but our authority as judges often fails to match our sympathy for our fellow human beings")(quoting *Singletary v. Sec'y of Health & Human Services*, 623 F.2d 217, 220 (2d Cir.1980) (Meskill, J., dissenting)).

## IV.  CONCLUSION

For the foregoing reasons, the Commissioner's request for judgment on the pleadings GRANTED, this case is DISMISSED, and the Clerk of Court is requested to mail a copy of this Decision and Order to Plaintiff. The Clerk is also directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: March 9, 2026                    *s / Gary R. Jones*

GARY R. JONES
United States Magistrate Judge